*Mr. William Henry Peace* and *Mr. Theodore F. Jenkins*, for the appellee, were not heard.

In the brief filed, counsel cited: Natcher v. Natcher, 47 Pa. 496; Rogers v. Bank, 12 S. & R. 77; Edgar v. Shields, 1 Gr. 361; McCrickart v. Pittsburgh, 88 Pa. 133; Carson v. McFarland, 2 R. 118; Espy v. Allison, 9 W. 463; Boas v. Updegrove, 5 Pa. 516; Real Estate Sav. Inst. v. Linder, 74 Pa. 371; Finnel v. Brew, 81 Pa. 362; Diechman v. Bank, 1 R. 54; Speise v. McCoy, 6 W. & S. 485; Lackey v. Mercer Co., 9 Pa. 318; Union Ins. Co. v. Allegheny City, 101 Pa. 250; Deal v. Martin, 1 Phila. 500.

PER CURIAM:

The payment made by the plaintiff to the defendant was clearly voluntary. There was no legal duress. It follows that it cannot be recovered back.

Judgment affirmed.

---

# H. G. RIGHTER ET AL. v. W. E. FARREL ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued April 8, 1890—Decided May 5, 1890.

Where an agreement is executed whereby a debtor transfers to his creditors all his assets and business interests, and is employed by them at a salary to manage the business for them, the creditors thereby become copartners in the business, although the agreement provides expressly that they shall not be involved in any partnership liability therein.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 199 January Term 1890, Sup. Ct.; court below, No. 300 September Term 1887, C. P. No. 1.

On October 14, 1887, Henry G. Righter and George Gibson, trading as Righter & Gibson, to use of J. L. Shoemaker and

Owen Shoemaker, trading as J. L. Shoemaker & Co., brought assumpsit against H. C. Watts, D. G. Brinton, J. G. Ditman and W. E. Farrel, copartners, trading as H. C. Watts & Co. Issue.

At the trial on October 22, 1889, the plaintiffs proved a book-account showing charges against H. C. Watts & Co. during 1886 and 1887, amounting to $719.57. The defendants, Farrel, Brinton and Ditman, admitted a liability as partners with H. C. Watts from and after February 10, 1885, but denied such liability prior to that date. Mr. Righter, having testified in proof of the plaintiffs' account, admitted, on cross-examination by the defendants, that payments had been made on account of H. C. Watts & Co. in 1886 and 1887, aggregating $825.64, but testified that all said payments were applied upon older accounts against H. C. Watts & Co., which had begun in 1882 and had been running ever since that date. To establish the partnership relation of the defendants prior to 1882, plaintiffs put in evidence an agreement under seal dated July 16, 1877, and executed by the defendants and H. C. Watts, which set forth :

" We the undersigned creditors of H. C. Watts, doing business as H. C. Watts & Co., do agree with him and between ourselves as follows : "

—The agreement then provided, in substance, that upon the transfer to " us " of all the assets and all unfilled orders and business interests of H. C. Watts & Co., the same were accepted as a settlement and compromise of seventy-five per cent of " our " claims as creditors, whether said assets, etc., realized said per cent or not ; that H. C. Watts was to devote his whole attention to the realization of the assets and the management of said business until December 31, 1877, for $10 per week, to be paid out of the proceeds of said business, and said Watts was not to incur any indebtedness " beyond that involved in the manufacture and selling books, without the assent of the committee of creditors ; " that said committee, named in the agreement, was instructed to pay monthly, first, the rent of the store ; second, royalties ; third, the cost of manufacturing books ; and fourth, the salary of Mr. Watts and other expenses. The agreement then concluded :

" It is mutually understood and agreed that nothing in this agreement is intended or shall be construed to involve any

Arguments.

partnership liability on the part of the said committee of creditors, either as between themselves or the public."

The defendants, after testimony adduced to support their contention that no partnership relation existed until February 10, 1885, and that the payments made after that date should have been applied upon the account in suit, put in evidence a definite copartnership agreement between them executed on that date, and rested.

The court, BIDDLE, J., charged the jury as follows:

"In this case, the only question involved is a question of an alleged payment. It is contended on behalf of defendants that the payments received by the plaintiffs from October, 1886, to May, 1887, should be credited against the account for which suit is brought. This plaintiff has testified that when he received these payments he appropriated them to the items of an account previously contracted. His right to do so is questioned by the defendants, but [under the contract of July 16, 1877, they were made partners and have continued so ever since that date, so as to be liable for the whole account due to the plaintiffs.] [2] [3] I therefore direct you to find a verdict for the amount claimed."

The jury returned a verdict for the plaintiffs for $841.85. A rule for a new trial having been discharged, judgment was entered on the verdict, when the defendants took this appeal, assigning for error, inter alia:

2. The portion of the charge embraced in [ ] [2]

3. The instruction to find for the plaintiffs.[3]

Mr. *Charles L. Smyth* (with him *Mr. J. M. West*), for the appellants:

That the agreement of July 16, 1877, did not constitute a partnership, counsel cited: Lindley on Partnership, 10; Hart v. Kelley, 83 Pa. 286; Hedge & Horn's App., 63 Pa. 278; Story on Partnership, § 5; London Ass'e Co. v. Dreman, 116 U. S. 461; Berthold v. Goldsmith, 65 U. S. 536; Meehan v. Valentine, 19 W. N. 206; Beeson v. Lang, 85 Pa. 197; Davis v. Patrick, 122 U. S. 138; Irwin v. Bidwell, 72 Pa. 244; Dunham v. Rogers, 1 Pa. 255; Edwards v. Tracy, 62 Pa. 374; Dale v. Pierce, 85 Pa. 474; Miller v. Bartlett, 15 U. S. 137; McCullough v. Porter, 4 W. & S. 177; Zell's App., 111 Pa. 532.

*Mr. Lewis Lawrence Smith* and *Mr. Mayer Sulzberger*, for the appellees, were not heard.

PER CURIAM:

Judgment affirmed.

---

## W. F. FELL ET AL. v. W. E. FARREL ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued April 8, 1890—Decided May 5, 1890.

Righter v. Farrel, ante, 482, followed.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 200 January Term 1890, Sup. Ct.; court below, No. 777 September Term 1887, C. P. No. 1.

The facts of this case were the same as the facts of Righter v. Farrel, ante, 482, except in the amount of the plaintiffs' claim. The instructions to the jury were to the same effect, and the assignments of error raised the same questions.

*Mr. Charles L. Smith* (with him *Mr. J. M. West*), for the appellants.

*Mr. Richard P. White*, for the appellees.

PER CURIAM:

Judgment affirmed.