## C. C. BLAIN

### v.

## E. DESROSIERS.

*Partnerships—Bill of Particulars—Evidence.*

In an action of assumpsit brought to recover money alleged to have been loaned, where the defense claimed that the matters in controversy were part of a partnership transaction, it is *held:* That the issues were properly submitted to a jury and that the evidence sustained the verdict for the plaintiff.

[Opinion filed December 11, 1890.]

APPEAL from the Circuit Court of Kankakee County; the Hon. N. J. PILSBURY, Judge, presiding.

Mr. H. K. WHEELER, for appellant.

Messrs. RICHARDSON BROS., for appellee.

UPTON, J. This suit was commenced in the Circuit Court of Kankakee County by the appellee against the appellant. The action was assumpsit. The declaration contained the common counts only. The defense set up was, that the cause of action in the suit arose from money paid and service rendered by appellee to and for a copartnership theretofore doing business as Blain & Desrosiers, of which appellee and appellant were members, the business of which is still unsettled and could only be the subject of investigation in a court of equity. A bill of particulars was filed with the declaration, in which appellee claimed $641, which was subsequently amended by the further claim of $200 for money loaned to appellant, with interest at six per cent, being $36, and the further sum of $5, claimed to have been loaned to appellant's wife, aggregating $241.

The cause was heard in the court below with a jury, who found a verdict for the appellee in the sum of $240, upon

Blain v. Desrosiers.

which the court, after overruling a motion for a new trial,
rendered judgment, to which appellant excepted and appealed
to this court. The error assigned upon the record challenges
the rulings of the trial court in allowing appellee to intro-
duce evidence of the $200, money claimed to have been
loaned to appellant, because it was not on the bill of particu-
lars, and committed further error in permitting appellee to
introduce in evidence the memoranda or book of accounts of
appellee, tending to show the receipt by appellant of the
$200; also erred in not dismissing the suit, because the claim
sued upon was a co-partnership account, and that the verdict
of the jury is not supported by the evidence or the law of the
case, and a new trial should have been awarded appellant on
his motion therefor. No complaint is made of the action of
the trial court in other particulars. The appellant in his
evidence admits that he received of appellee the $200,
claimed in appellee's bill of particulars; that the entries upon
the book or memorandum of appellee which was introduced
in evidence, of $125 and $75, were written therein by him-
self. Both appellee and appellant testify to that fact, and
these two items constituted the $200 then claimed by the
appellee. Appellee also presented a due bill signed by appel-
lant for $40, made payable to appellee. Appellant admits
giving the due bill, but claimed that he paid the same to
appellee and neglected to take it up. To this extent it is
plain, with our reference to the book of appellee or his mem-
orandum, which the court admitted in evidence (and which
is one of the principal errors complained of), that the appel-
lant had received moneys of the appellee to the extent of
$240, and for which he should in some way account with
appellee. This he attempted to do (under his plea) by testify-
ing that he received the $200 as a portion of the capital
stock paid to him by appellee as copartner in the firm of
Blain & Desrosiers, which was flatly denied by the appellee.

The due bill for the $40 produced by appellee was also
claimed to have been paid as before stated, and this was flatly
denied by appellee. These questions thus sharply defined
must have been fully understood by the jury. The one assert-

ing a given state of facts, which, if believed, would compel a verdict in favor of appellant—the denial of the other, which, if credited, must result in a judgment for appellee; the parties were both before the jury in person, and testified in the case. The jury believed the appellee in that contention, and consequently gave him a verdict for his claim to the extent indicated, as before stated, and we can not say they were not fully warranted in so finding. It by no means follows that the jury in their determination disregarded a portion of the evidence in the case, by not taking into account the other items in the bill of particulars as claimed by the appellee. They might well have found from the evidence that the copartnership as claimed by appellant did in fact exist, and that in fact the other items on the bill of particulars claimed by appellee were matters pertaining thereto, and were not under the instructions of the court for adjudication in this suit, and that, too, without in the least inpairing the credibility of the appellee. It is manifest from the record before us, that appellee is not possessed of large business experience or extensive knowledge of business affairs, and from his surroundings would not be expected to be versed in law to such an extent as to enable him to know what acts would constitute him a copartner of appellant, while appellant, it would seem, was by far his superior in that regard.

It is plain the court did not err in submitting the question of the copartnership alleged to exist, to the jury. It would have been manifest error to have done otherwise as there was a conflict of evidence upon that issue.

We have carefully examined the record before us in the light of the errors pointed out and the arguments of counsel made, and we fail to find any reversible error herein, and the judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*