(14 Misc. Rep. 18.)

ECKERT v. CLARK.

(Common Pleas of New York City and County, General Term. August 22, 1895.)

PARTNERSHIP—COMPENSATION OF PARTNER.

P. and C. were partners, each owning, as between themselves, a half interest, under articles requiring each to devote all his time to the firm business, for which he should receive no compensation save his share of the profits. As between plaintiff and C., however, plaintiff owned a certain interest in C.'s half interest. *Held* that, as against plaintiff, C. was not entitled to compensation for his services in the business, there being no agreement between them therefor.

Appeal from First district court.

Action by John A. Eckert against Percy W. Clark. From a judgment for defendant on a counterclaim, plaintiff appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Sproull, Harmer & Sproull, for appellant.
John M. Ward, for respondent.

GIEGERICH, J. This action was brought to recover the sum of $82.50, received by the defendant to the use of the plaintiff, which sum was plaintiff's share in the interest of the defendant in the profits of the firm of Plyer & Clark for the month of January, 1895. The answer was a general denial and the setting up of a counterclaim in the sum of $250 for "services rendered from July 2, 1895, in the care, management, and development of Eckert's interest in the share of Clark in the said firm of Plyer & Clark, which resulted to the enrichment of said Eckert of upwards of $900." Prior to April, 1894, the parties litigant and one Norman Hubbard, Jr., were copartners in business as insurance brokers, under the firm name of Hubbard, Eckert & Clark. During the last-mentioned month, the parties agreed, in writing, that the defendant should "nominally withdraw his connection with said firm" and enter into a partnership with one Charles Plyer, for the purpose of conducting business as national underwriters, under the firm name of Plyer & Clark, and that the partnership should continue as before, and extend to all profits and losses arising out of defendant's copartnership with said Plyer. On the 2d day of July, 1894, the said Hubbard, the plaintiff, and the defendant, by written agreement, dissolved the partnership existing between them, which instrument, among other things, provided that: "The individual interest of each of the members of said

firm in said one-half interest in the firm of Plyer & Clark is as follows: said Hubbard three-eighths, said Eckert three-eighths, and said Clark two-eighths. It is hereby agreed that said Hubbard, said Eckert, and said Clark shall each continue to own, in his own name and right, and not as a member of the firm of Hubbard & Eckert, the proportion of said business of Plyer & Clark which he formerly owned." At the same time, the defendant, in consideration of $2,000, payment of which was secured by the promissory notes of the plaintiff, sold to the latter his individual share in the business heretofore controlled by the plaintiff, and also transferred to him one-third of his interest in the firm of Plyer & Clark, and the profits arising therefrom. After such sale and transfer, the business of the said firm of Plyer & Clark was continued by Plyer, Hubbard, the plaintiff, and the defendant, and the latter continued to pay to plaintiff his individual share in the profits until the month of February, 1895, when he failed to pay over the latter's share of the profits accruing during the month of January, 1895, which he (the defendant) had heretofore received. The plaintiff then brought this action upon said claim, which, upon the trial, was admitted by the defendant; the latter, however, setting up the counterclaim for services rendered in the care, management, and development of the plaintiff's interest in said firm of Plyer & Clark. This claim for compensation is not shown to be founded upon any promise, express or implied. On the contrary, the defendant testified: "I had no conversation in reference to the employment with him [the plaintiff]. The conversation was that my services to Mr. Eckert were worth a certain sum. There was no employment about it." The defendant further testified that he first demanded compensation for services of the plaintiff in the latter part of January; that he had previously, viz. in the month of September, 1894, spoken to him about compensation, when plaintiff said "for the present to let it rest." "Q. Did Mr. Eckert make any definite terms at that time? A. Only to say to let the matter rest for the time being. Q. How do you compute this amount you have in your counterclaim, $250? A. I place the value of my services at $1,500 a year, and I compute that is the proportion that Mr. Eckert should pay." There being no agreement to compensate the defendant for the services so rendered, recourse must be had to the written articles of copartnership of the firm of Plyer & Clark for our guidance, which, in our opinion, clearly evince an intention on the part of the parties to require each of the partners to devote all his time to the business of said firm, and for which services he should receive no compensation save his share of the earnings of the firm.

As the defendant was required by the terms of the partnership agreement to render the services in question, it is obvious that the defendant's counterclaim was unfounded, and it therefore follows that the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.