(20 App. Div. 230.)

EVANS v. WARNER.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1897.)

1. PARTNERSHIP—FINDINGS—CONSTRUCTION.
    A finding of a referee that a business was conducted for the mutual benefit of the parties, and as a joint adventure or co-partnership, is in effect a finding that the parties conducted the business as a co-partnership, and were to share in the profits and losses.

2. SAME—DIVISION OF PROFITS.
    Plaintiff and defendant were partners in a malt business, of which plaintiff took charge, while defendant, who furnished the capital, attended to selling the malt and to collecting pay therefor. The parties consulted frequently, and rendered statements to each other of the business carried on. *Held*, that the profits should be divided equally, as the evidence disclosed a fair division of labor and responsibility.

3. SAME—WHAT CONSTITUTES A PARTNERSHIP.
    Plaintiff took charge of a malting business, and defendant furnished the capital and attended to selling the malt, and took the pay therefor. Both were in frequent consultation, and statements were rendered to each other of the business. There was no express agreement that they were to be partners, but several witnesses testified to admissions made by plaintiff that he and defendant were partners. The business was all done in plaintiff's name, as defendant did not desire to have his name publicly connected with it. Prior to engaging in the business they had been co-partners in another enterprise; and, at defendant's suggestion, plaintiff procured a lease to a malt house, which was repaired at their joint expense, and which was used in said malting business. Their conversation prior to engaging in the business was to the effect that they were to go into it together. Plaintiff claimed, but failed to prove, that there was an agreement that the money defendant advanced was a loan to plaintiff, and that defendant offered to purchase the malt of plaintiff. *Held*, that the parties were partners.

4. SAME—MANAGING PARTNER—SALARY.
    A managing partner is not entitled to a salary, in the absence of any agreement to pay it.

Appeal from judgment on report of referee.

Action by Daniel H. Evans against Charles M. Warner. From a judgment for defendant, plaintiff appeals. Affirmed.

The complaint alleges that in September, 1888, the defendant agreed with the plaintiff to assist him in the business of malting, by loans and advances of money and credit, which loans were to be repaid, with lawful interest; that in the years 1888 to 1891, inclusive, the defendant advanced to him money and credit,

and furnished barley, to be used by the plaintiff in the business of malting, to the amount of $33,000 over and above all sums paid to the defendant by the plaintiff; that during said years the plaintiff sold and delivered to defendant malt and sundry bags in the amount and value of $63,000,—and demanded judgment for $10,000, with interest. The defendant answered, denying the allegations of the complaint, and alleging that the business of malting referred to was carried on by the parties as partners, that the business ceased in 1891, that it had never been settled, and that the state of the partnership accounts could only be ascertained upon settlement. And by way of counterclaim the answer alleged that plaintiff was indebted to defendant on a promissory note executed by him December 10, 1889, for the payment of $5.632.31 and interest, and demanded judgment for the counterclaim. On the trial it was stipulated that the pleadings be deemed amended so as to allow the referee to take and pass upon the accounts between the parties as co-partners, if he should find in favor of the existence of the co-partnership, and for that purpose to receive any competent evidence that should be offered. Upon the trial the referee took evidence as to the existence of the co-partnership, and as to the condition of the accounts between the parties as to the malting business. He found that at the commencement of the action the defendant was the owner of the note set forth in the answer. No part of the note had been paid, except $77.37, which the referee found should apply on the note, and the referee further found as follows: "That in the month of September, 1888, the plaintiff and defendant entered upon the business of buying barley, and converting the same into malt at a malt house in Lyons, New York, and selling the malt wherever the same could be sold to advantage, and collecting the proceeds thereof. That this business was conducted under the name and style of 'D. Evans,' and was continued by them until on or about the 1st day of November, 1891, when the business was discontinued. That the malting business above referred to was conducted for the mutual benefit of the parties, and as a joint adventure or co-partnership. That there was no express agreement between the parties as to the division of the profits or losses of the said business. That in or about the month of December, 1889, the parties had some correspondence and an interview as to the share of profits to which either should be entitled; the plaintiff suggesting that he should be paid a salary before a division of the profits should be made; the defendant answering that the division should be upon an equal basis. There the discussion as to the matter of division ended. The plaintiff generally purchased the barley, and attended to its conversion into malt at Lyons, frequently consulting the defendant. The sales of the malt there produced were substantially all made by the defendant, who also collected the proceeds of such sales. That, with the exception of about two hundred dollars contributed by the plaintiff, the defendant furnished all of the capital and credit for the conduct of the business. That the defendant in the course of their business from time to time furnished large amounts of money to the plaintiff for the conduct thereof; the money and credit thus furnished amounting in the aggregate to somewhere about fifty thousand or sixty thousand dollars. Much of this money was obtained by the discount at banks of commercial paper made by the plaintiff and indorsed by the defendant. The sum spoken of as contributed by the plaintiff has been credited to him upon the books of the company, and is thus allowed in the statement of accounts hereinafter made." The referee further finds that the net profit of the malting business carried on by the parties was $15.475.84, of which the defendant had received $8,362.24 and the plaintiff $6,951.31; and deducting the $77.37, and the amount of the excess of profits that the defendant had received more than the plaintiff, and giving the parties credit on certain small accounts enumerated in the report, left a balance due to the defendant upon the promissory note of $6,626.19, upon which, with the interest from the date of the report, and the costs, judgment was entered for the defendant. The plaintiff duly excepted to the report.

Argued before HARDIN, P. J., and ADAMS, GREEN, and WARD, JJ.

Frederick A. Lyman, for appellant.

Frank Hiscock, for respondent.

47 N.Y.S.—2

WARD, J. The findings of the referee seem well sustained by the evidence. The appellant claims that the referee has not found that a co-partnership existed between the parties, but has only found that it was either a joint adventure or a co-partnership, and that there was no express agreement as to the profits or losses of the business; and his counsel argues that, if it were a joint adventure, it must have been a technical one, citing definitions of that term to show that it can have no application to the case in hand. The referee does find that the business was conducted for the "mutual" benefit of the parties, and he evidently intended to find, and the effect of his finding is, that it was a business venture or co-partnership, where both parties were to share in the profits and losses as the business might result. See O'Hara v. Harman, 14 App. Div. 170, 171, 43 N. Y. Supp. 556. The nature of the arrangement was the same, by whichever name it might be called. Assuming that there was such an arrangment, and the parties had not agreed upon the proportion of profits or losses, the law settles the proportion. The profits of a co-partnership are to be divided equally, unless there is a contrary stipulation, or unless some fact or circumstance exists from which it may be inferred that the parties intended that the profits should be divided in certain unequal proportions; and there is a presumption of law in favor of an equality of interest in case of the property, as there is of the profits. T. Pars. Partn. (2d Ed.) 258 et seq., and notes; Turnipseed v. Goodwin, 9 Ala. 372. A careful review of the evidence fails to disclose any facts tending to show that the parties intended that the profits should not be divided equally. On the contrary, there seems to have been a fair division of labor and responsibility between the parties as to the business carried on, and in producing the profits that resulted from the business. The plaintiff took charge of the work at Lyons. The defendant furnished the capital, attended to the selling of the malt, collected the pay therefor, and, being the responsible party in the concern, took the chances of losses and bad debts. The parties were in frequent consultation, and statements were rendered to each other of the business carried on, from time to time, so that it would seem equitable and just that the profits of the undertaking should be divided equally. It is true there was no written agreement of co-partnership, nor were there express words of agreement passing between the parties that they were to be partners. Before entering into this business, the parties with another person had carried on the tobacco business as partners, which resulted in a loss, out of which the note set forth in the answer was created. The defendant was engaged extensively in the malt business, and he suggested to the plaintiff that money might be made in that business at Lyons; that there was a vacant malt house there; that he might go to Lyons, and see if he could procure a lease of the building, which plaintiff did. A lease was taken in the name of the plaintiff by direction of the defendant. Repairs were made upon the buildings at their joint expense. Several conversations as to the business ensued between the parties, to the effect that they were to go into the business together, and perform the work and furnish the capital, and do the things, respectively, which they ultimately did do. Several witnesses testified as to ad-

missions of the plaintiff that he and the defendant were partners, and very important evidence came from the president of the Lyons National Bank, at which a number of notes of the concern were discounted.    When the first note was presented (being $3,000) by the plaintiff for discount, the president testified, the note having been made by the plaintiff and indorsed by the defendant, that the plaintiff said that he and the defendant were in partnership in the malting business at Lyons.    The learned counsel for the plaintiff, however, insists that as the business was done in the plaintiff's name, as he was the maker of the notes given, as the bank account was kept in his name at Lyons, and the plaintiff's correspondence was conducted under his letter head, and not in view of the firm, and that of other individual acts of the plaintiff in relation to the business, the inference of a co-partnership was so far rebutted, when taken in connection with the correspondence referred to in the referee's report, that the finding that there was a co-partnership should not be sustained.    But there seems to be but little question in the evidence but what the business was carried on in the plaintiff's name by agreement between the parties; the defendant giving as a reason that, if his name was publicly connected with the concern, it would interfere with other malt transactions had with other parties.

The fact that a discussion arose between the parties as to the proportion of profits subsequent to the commencement of the business, and towards its close, where the plaintiff claimed a salary in addition to a share of the profits, and about which the parties disagreed, is of no particular significance, under the circumstances of the case, except to furnish a cause to the defendant for discontinuing the business and to cease furnishing the capital for the concern.    There having been no agreement to pay the plaintiff a salary, he was not entitled to it, in addition to a share of the profits.    A managing partner is not entitled to a salary, in the absence of any agreement to pay it.    Pierce v. Pierce, 89 Mich. 233, 50 N. W. 851.

The record is barren of any agreement that the money advanced by the defendant to the plaintiff was a loan to the plaintiff, to be repaid with interest; nor does it disclose any contract whereby the defendant was to purchase the malt of the plaintiff, and pay him for it.    So that the plaintiff's case, as set forth in the complaint, utterly fails, and this fact goes greatly to strengthen the defendant's theory of the case.

T. Parsons, in his work on Partnership (page 6), defines a partnership to be "the combination by two or more persons of capital or labor or skill for the purpose of business for their common benefit."    Mere words of agreement do not necessarily create or destroy an arrangement that the law asserts is a co-partnership.    Partnerships may be formed, "not only by express agreement, but may grow out of transactions or relations in which the word 'partnership' is not uttered.    If there is such a joinder of interests and action as the law considers as the equivalent of partnership, or, rather, such as it regards as constituting a partnership, it will give to the persons engaged in it all the rights, and lay upon them all the responsibilities,    *    *    *    which belong to partnerships."    T. Pars. Partn. (2d Ed.) 9.    And, as illustrating this view, reference may be had to Mumford v. Nicholl, 20 Johns.

611; Righter v. Farrel, 134 Pa. St. 482, 19 Atl. 687; Fell v. Farrel,
134 Pa. St. 485, 19 Atl. 688; In re Hulton, 62 Law T. (N. S.) 200;
Vaiden. v. Hawkins (Miss.) 6 South. 227; Blain v. Desrosiers, 39 Ill.
App. 50.. And in Chapman v. Hughes, 37 Pac. 1048, 38 Pac. 109, and
104 Cal. 302, it is said that where persons entering into a joint busi-
ness enterprise contract to do all that in law is necessary to constitute
a partnership, they are a partnership inter se, though they did not
expressly intend to create such a relationship. See, also, Quine v.
Quine, 9 Smedes & M. 155; Pursley v. Ramsey, 31 Ga. 403. Whether
two or more persons associating in business are partners, as between
themselves, depends upon their intentions, as legally ascertained.
Salter v. Ham, 31 N. Y. 321. If we should assume, with the appel-
lant, that the referee has not found the existence of a partnership as
a fact, but only in the alternative, we are constrained to say, from a
full examination of the evidence, that we are satisfied that the ar-
rangement between the parties was a valid co-partnership, and that
the referee's conclusions are fully sustained by the evidence.

Several exceptions taken upon the trial as to the reception of evi-
dence have been pressed upon our attention, but we are unable to find
in any of them reversible error.

The judgment should be affirmed, with costs. All concur.