CONSTANCE E. SAWARD, Plaintiff, *v.* FREDERICK W. SAWARD and FRANK C. SAWARD, Defendants.

Supreme Court, New York Special Term, December, 1922.

**Partnership — may be formed without express agreement — evidence — accounting.**

The father of the parties to this action at the time of his death published a trade journal. His will was contested by the defendant F. W. S. and others, but was admitted to probate. Thereafter said defendant left the employ of his father's executors, who continued to publish the journal, and after consulting with members of his father's family started a new journal. By direction of said defendant a statement appeared in the first publication that the owners of the paper were S. and S., comprising himself, his codefendant and the plaintiff, his sister. He also filed in the county clerk's office a certificate executed by all the parties to this action that they were publishing the paper and filed with the postal

authorities a sworn statement that the same parties were the owners of the paper. On the trial said defendant admitted that conversations were held between the parties to this action as to the disposition of profits and his codefendant testified as to an agreement relating to the division of profits. Plaintiff contributed some personal property towards the capital. *Held,* that a copartnership existed between the plaintiff and the defendants and that plaintiff is entitled to a decree against said defendant F. W. S. for an accounting.

ACTION for an accounting.

*Edward J. Martin,* for plaintiff.

*Kellogg, Emery, Inness, Brown & Cuthell* (*Dean Emery* and *J. Fearon Brown,* of counsel), for defendant Frederick W. Saward.

*Douglas Mathewson,* for defendant Frank C. Saward.

NEWBURGER, J. Frederick W. Saward, the father of the parties to this action, in his lifetime, was the owner of the *Coal Trade Journal.* He died December 4, 1917, leaving a last will and testament, the probate of which was contested by the widow, the defendant Frederick W. herein, and another brother. The will, however, was admitted to probate. The defendant Frederick W., who had been associated with his father in the publication of the journal, upon the termination of the will contest, left the employ of the executors of his will who were then publishing the journal, and determined to start a new publication. After consulting with his mother, the plaintiff, and the other defendant Frank the defendant Frederick W. announced that he would start a publication to be known as *Saward's Journal,* and that the family agreed to join him. In the first publication of this journal it appears that the owners thereof were Saward & Saward, comprising F. W. Saward, F. C. Saward and C. E. Saward. This statement was followed in other publications of the journal, which was at all times done under and by direction of the defendant Frederick W. Subsequently he also filed in the county clerk's office a certificate signed and executed by all of the parties to this action certifying that the parties to this action were publishing the weekly journal known as the *Saward's Journal.* The defendant Frederick W. also filed with the postal authorities, as required by law, a sworn statement stating that the same parties above referred to were the owners of the *Saward's Journal.* He admitted on the trial that conversations were held between himself, the plaintiff and the other defendant as to the disposition of the profits. The defendant Frank C. testified that he and Frederick W. agreed that the profits were to be divided as follows: Frederick W., fifty per cent, the plaintiff twenty, and the defendant Frank thirty per cent. The defendant Frank had contributed $500 towards the capital and the

plaintiff some personal property. It is apparent that no large capital was required, as the defendant Frederick W. testified that all he contributed was $2,500, and his bank account was not reduced below $1,900, and that after a few publications the paper began to pay. It is well settled that " mere words of agreement do not necessarily create or destroy an arrangement that the law asserts is a copartnership. Partnerships may be formed not only by express agreement but may grow out of transactions or relations in which the word " partnership " is not uttered. If there is such a joinder of interests and action as the law considers as the equivalent of partnership, or rather such as it regards as constituting partnership, it will give to the persons engaged in it all the rights and lay upon them all the responsibilities which belong to partnership." See *Evans* v. *Warner*, 20 App. Div. 230. It has been held that where no limit has been fixed as to the term during which the copartnership shall continue the court will deem it to be a partnership at will. A careful study of the evidence in this case leads to but one conclusion, that after the defendant Frederick W. left the publication which had belonged to his father, and in which he had been engaged for many years, he induced his brother and sister to join him in the new publication, with the hope perhaps that the family name might be of some benefit in launching the new venture. I find, therefore, that a copartnership existed between the plaintiff and the defendant. Let an interlocutory decree be entered for an accounting. Settle findings and decree on notice.

Judgment accordingly.