Thomas J. McDermott, Plaintiff, *v.* Rossney Contracting Corporation, Defendant.

Supreme Court, Erie County, March 29, 1928.

Joint ventures — accounting — agreement by plaintiff, owner of equipment and defendant corporation, owner of highway contract, construed — defendant not entitled to allowance of proportion of general expense of its management — certain items charged against profits.

The plaintiff, the owner of the necessary equipment and machinery for highway construction and the defendant corporation, the owner of a contract to construct a highway, entered into a written contract by which the defendant agreed to furnish all materials and supplies and the plaintiff agreed to furnish all tools, machinery and equipment. It was further agreed that the parties should divide the profits derived from such contract equally between them after deducting all expenses in connection therewith.

The defendant corporation is not entitled to charge a proportion of the general expense of the management of its corporation as an expense against the cost of construction of the highway in question.

As the defendant was to finance the operations it is not entitled to charge for interest on moneys borrowed for the performance of the work.

As the plaintiff was to furnish the necessary machinery, the purchase price of a turntable used in the work and the cost of certain tools and supplies should be charged against the profits. An advancement of $1,000 by defendant to plaintiff should also be charged against the profits.

Action for an accounting growing out of what may be termed a joint venture in the building of a State road known as the Athol Springs-Orchard Park h·ghway.

*Harry E. Harding,* for the plaintiff.

*M. E. Merwin,* for the defendant.

Charles B. Wheeler, Official Referee. The defendant was the successful bidder for the work and had been awarded the contract to construct the road. The plaintiff was the owner of the necessary equipment and machinery for doing it. The parties entered into a written contract reciting these facts, in and by which the defendant agreed " to furnish all material and supplies and to pay for the same, and also to pay all payrolls on the construction of the highway," and the plaintiff " agreeing to furnish all tools, machinery and equipment necessary to build said highway, including one truck, but excluding teams and dump wagons, without cost, rental or expense to the party of the first part," and the plaintiff further agreed " to devote his time and attention to the work to be performed on said highway."

It was further agreed that on the completion of the highway and the payment therefor the parties should divide the profits derived from said contract equally between them " after deducting all expense in connection therewith." The contract for the construction of the highway was completed and the defendant was paid by the State for the work the sum of $115,225.01.

This action is, therefore, brought for a recovery of one-half the profits, and for an accounting to determine the amount thereof. The principal dispute is over what " items of expense in connection with said work are properly chargeable against it."

The defendant is a corporation, and had other contracts for other work which it carried on at the same time the work of building the Athol Springs-Orchard Park highway was being done. It received for such other contract jobs compensation. In the management of the corporation the defendant expended various sums of money. A salary of $6,000 was paid its president, various sums were also paid other officials and employees of the company, and other expenses were incurred in the conduct of its business while the work on the highway in which the plaintiff was interested was going on. The defendant contends that a proper proportion of these general expenses in the management of its company are chargeable as an expense against the cost of the construction of the Athol Springs-Orchard Park highway, and in arriving at this proportion it has taken the amount of money received from all

contract work done by it, and on that basis apportioned what it claims is the proper share of such expense to this work.

This, of course, materially reduces the profits to be divided between the parties. The plaintiff, however, contends that under the terms of the contract with the defendant no part of such general expenses can be legally charged as a part of the expense of performing the Athol Springs-Orchard Park contract, but is something in which the plaintiff is not concerned. Without going into particulars as to the items so charged by the defendant we may state generally that in the referee's opinion such charges cannot be sustained. There is certainly nothing in the contract specifically giving the right to do so. The contract between the parties is silent on that subject. It specifies what each was to do in carrying it out. It seems to the referee that had any such thing been intended the agreement would have so specified. We conclude it was not within the contemplation of the parties. The plaintiff was to be paid nothing for his services is superintending and carrying out the work to be done although he agreed " to devote his time and attention to the work to be performed on said highway." We think it a fair argument that if the defendant is justified in charging for the services of its officers and agents in the general management of the corporation defendant the plaintiff would be equally entitled to compensation for the value of his services in superintending and carrying out the work called for by the contract to construct the Athol Springs highway. However no such thing was contemplated by either party and the contract in question between the two should be so construed. This view we believe is fully sustained by the authorities. There appears to be no difference in principle in this regard between a case of a joint venture like that now under consideration, and that of a general partnership. (*Ross* v. *Willett*, 76 Hun, 211.)

It is held in *Stevenson* v. *Maxwell* (2 Sandf. Ch. 273) that unless the contract so provides, no member of a joint venture is entitled to any compensation for services rendered by him to the common enterprise.

It may be stated generally that partners are not entitled to charge each other, or the firm of which they are members, for services in the care and management of the business of the copartnership, unless there is a special agreement to that effect. (*Caldwell* v. *Leiber*, 7 Paige, 483; *Bradford* v. *Kimberly*, 3 Johns. Ch. 431; *Lyon* v. *Snyder*, 61 Barb. 172; *Evans* v. *Warner*, 20 App. Div. 230; *Eckert* v. *Clark*, 14 Misc. 18.)

The New York Partnership Law (§ 40, subd. 6) declares: " No partner is entitled to remuneration for acting in the partnership business," etc.

The Rossney Contracting Corporation became the partner of the plaintiff in this joint venture and it is difficult to see on what theory it can charge for services or for a proportion of services rendered the corporation in this venture.

This view of the matter eliminates a great many items which have been charged by the defendant against the venture.

It only remains to refer specifically to a few. Among the items so charged was one for $486 interest, evidently interest on money borrowed or loaned for the performance of this work. The defendant, however, by the express terms of the contract with the plaintiff agreed " to furnish all material and supplies and to pay for the same, and also to pay all pay rolls on the construction of the highway."

In other words, the defendant was to finance the operations. Certainly this charge for interest is unauthorized and to make such a charge is contrary to the agreement. (33 C. J. 865, § 76.)

Stating the account between the parties on the basis above outlined the referee finds the net profits of the venture to have been $9,846.93.

One-half of said amount, to wit, $4,923.46, belongs to the plaintiff in this action. Against this sum, however, should be deducted the sum of $880.95 paid by the defendant for a turntable. We charge the plaintiff with this amount because under the agreement he was to furnish the necessary machinery for doing the work. The turntable is to be deemed the personal property of the plaintiff. We also charge against the profits the cost of certain small tools and supplies amounting to $158.28 and the further sum of $1,000 given by defendant to the plaintiff by way of advancement and for which the plaintiff on December 30, 1922, gave defendant his promissory note for $1,000 payable in one month from date. On this amount we add interest for one amonth and ten days, amounting to $6.66, making total deductions of $2,045.90.

After making these deductions there is still due and owing the plaintiff by the defendant the sum of $2,877.36. On this amount the plaintiff is entitled to interest from the time of the commencement of this action, to wit, from March 9, 1923.

Let findings be prepared in accordance with the views above stated.