YETTA BRIMBERG, Respondent, v. THE BANK OF UNITED STATES, Appellant.— Order denying motion to dismiss amended complaint affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within ten days from service of a copy of the order herein. No opinion. Young, Rich, Carswell and Tompkins, JJ., concur; Hagarty, J., dissents.

JOHN W. BROWN, Respondent, v. GRAY ENGINEERING & CONSTRUCTION Co., INC., Appellant.— Order denying defendant's motion to vacate warrant of attachment affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Hagarty, Scudder and Tompkins, JJ., concur.

MAX J. BUECHLER, Respondent, Appellant, v. FRANK J. PICKRELL, Appellant, Respondent.— Order, in so far as appealed from by defendant, affirmed, with ten dollars costs and disbursements. Order, in so far as appealed from by plaintiff, reversed upon the law and the facts, without costs, and motion to strike out the first and second separate defenses to the first cause of action granted, without costs. The first defense to the first cause of action is defective in that the Statute of Frauds cannot be availed of where the complaint is framed upon the theory of an executed contract. The counterclaims, the second defense to the first cause of action and the defense to the second cause of action are defective in that all the elements necessary to constitute fraud are not pleaded. In respect of these counterclaims and defenses, defendant may have leave to plead over within ten days from service of a copy of the order hereon. Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ., concur.

CLINTON BURNS, Respondent, v. WILLIAM P. JENKS and Others, as Copartners Doing Business as JENKS, GWYNNE & COMPANY, Appellants.— Order granting plaintiff's motion for a bill of particulars modified as hereinafter indicated, and as so modified affirmed, with ten dollars costs and disbursements to the appellants. Item 1 eliminated. Items 2, 3, 12, 15 and 17 modified by eliminating the requirement that the defendants furnish the name or names of the persons acting on their behalf. Items 3, 11, 12, 15, 16, 17 and 18 modified by eliminating the requirements that defendants state specifically or in substance the agreement or authorization if it be oral as well as the place of making of the same. Item 7 eliminated, except that defendants must state whether plaintiff became personally liable on said accounts orally or by writing; and if by a writing that they furnish a copy of the same. Item 9 eliminated. Item 12 eliminated, except that defendants must state the day of the month when the alleged accounting was had with the plaintiff and state whether the accounting was oral or in writing, and if in writing that a copy thereof be furnished. Item 13 modified by eliminating the words " where and " in the first line. Item 17 eliminated, except that defendants state when the alleged promise or agreement was given or made and whether oral or in writing, and if in writing that they furnish a copy. Item 18, in addition to matter already eliminated, eliminate " and where " from the first line. Lazansky, P. J., Rich, Hagarty, Carswell and Tompkins, JJ., concur. Settle order on notice.