HAROLD GREEN, Respondent, v. HARRY S. LE BEAU, Individually and Doing Business as LE BEAU TRAVEL SERVICE, et al., Appellants, et al., Defendants.— In an action for dissolution of a partnership pursuant to an alleged oral agreement, for an accounting, and for other relief, the individual defendants appeal from the interlocutory judgment in favor of plaintiff, dissolving the partnership and referring the matter of the accounting to an Official Referee to hear and determine the same. Interlocutory judgment unanimously affirmed, with costs. In our opinion, the finding by the Special Term that there was an oral agreement of the parties for an equal partnership commencing April 1, 1949, as alleged by respondent, is in accord with the weight of the credible evidence. Although it was agreed that a written partnership agreement in the customary form was to be entered into after appellant Robert S. Le Beau's marital difficulties were composed, appellants failed to establish that the oral contract left for future agreement any essential terms not implied by law. (*May Metropolitan Corp.* v. *May Oil Burner Corp.*, 290 N. Y. 260; *Matter of Rosenberg*, 251 N. Y. 115; Partnership Law, art. 6.) Respondent agreed to pay appellant Harry S. Le Beau for his proportionate share of the good will of the business theretofore owned solely by the latter, the sum of $7,500, at the rate of $750 a year, out of his share of the " profits". The evidence shows that by said provision, the parties did not intend such payments to be made out of respondent's weekly " drawings." In any event, the net effect of his failure to make the payments is a matter to be determined upon the accounting. The parties did not discuss the duration of the partnership, and no fixed term was agreed upon. Even if it be held that by virtue of the aforesaid provision for payments out of profits, the oral agreement herein comes within the Statute of Frauds, as being a contract for a partnership to be continued beyond one year (see *Wahl* v. *Barnum*, 116 N. Y. 87, 89, and *Saward* v. *Saward*, 119 Misc. 676, affd. 214 App. Div. 715), the only effect of the statute, where the agreement has been wholly or partially executed, is to convert it into a partnership at will, wherein a partner may bring an action in equity to call his copartner to account (*Sanger* v. *French*, 157 N. Y. 213, 234). Soon after respondent and appellants decided to sever their relations, they had a meeting with their accountant, at which an audit was had of the assets of the business and a cash offer was made by appellants to settle respondent's claim. Testimony concerning this meeting was properly admitted, not to establish an offer of settlement as an admission of liability but, rather, to show the conduct of the parties (in meeting and computing the assets), as an admission of the existence of the partnership. (Richardson on Evidence [6th ed.], § 366, citing *White* v. *Old Dominion S. S. Co.*, 102 N. Y. 660; 2 Wigmore on Evidence [3d ed.], § 266, pp. 87–88.) Subdivision 9 of section 440 of the Penal Law, which makes the failure of partners to file a certificate a misdemeanor, is no bar to the maintenance of an action involving only the individual members of an executed agreement of partnership. (*Sinnott* v. *German-American Bank*, 164 N. Y. 386, 391; *Ryan* v. *Hardy*, 26 Hun 176; *McArdle* v. *Thames Iron Works*, 96 App. Div. 139.) In any event, appellants failed to plead the statute as a defense (Civ. Prac. Act, § 242). Nor may appellants complain that respondent is in court with " unclean hands" because of an alleged wrong done to some third party. (2 Pomeroy on Equity Jurisprudence [5th ed.], § 399, p. 99.) Furthermore, this equitable defense was not pleaded. (Civ. Prac. Act, §§ 261, 262.) Present — Carswell, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.