Edward Zuckerman, Plaintiff, *v.* Robert Linden et al., Defendants.

Supreme Court, Special Term, Bronx County, April 11, 1955.

*Walter C. Redfield* for plaintiff.

*Nathan Marcus* for Robert Linden, defendant.

Matthew M. Levy, J. This is a motion by the plaintiff, pursuant to rule 109 of the Rules of Civil Practice, to strike the affirmative defense contained in the answer on the ground that, on its face, it is insufficient as a matter of law. The action is by one alleged partner against another, for an accounting after the partnership termination. It is alleged in the complaint that, while the parties, as partners at will, were engaged in the manufacture, jobbing and sale of buttons, they subsequently orally agreed to engage in the sale of textiles, with profits and losses to be equally shared; and three years thereafter the partnership terminated by agreement. The defendant pleads in the defense attacked that the alleged agreement is rendered unenforcible

by the Statute of Frauds, since it was not to have been performed within one year from its making. (See *Cohen* v. *Bartgis Bros. Co.*, 264 App. Div. 260, affd. 289 N. Y. 846.)

While the partnership agreement may have been unenforcible in an action for breach of contract or for specific performance (*Wahl* v. *Barnum,* 116 N. Y. 87, 97), an accounting is nevertheless proper as to partnership affairs already undertaken. (*Sanger* v. *French,* 157 N. Y. 213, 235; *Green* v. *Le Beau,* 281 App. Div. 836; see *Boxill* [*Ford*] v. *Boxill,* 201 Misc. 386, 391.) " [T]he Statute of Frauds cannot be availed of where the complaint is framed upon the theory of an executed contract." (*Buechler* v. *Pickrell,* 230 App. Div. 706.) And it is upon the theory of at least a partially executed contract that the plaintiff proceeds.

I do not see the legal basis, as urged upon me by the defendant, for permitting the defense to remain, and awaiting developments upon the trial. If the plaintiff were to prove that the agreement had been partially performed, the defense of the Statute of Frauds would clearly be of no avail. If, on the other hand, the evidence at the trial were to indicate that there had been no performance whatsoever under the claimed agreement, the plaintiff's cause for an accounting (as to this particular phase of the allegations in the complaint) would be defeated. In the first case the plea of Statute of Frauds is bad; in the second unnecessary.

The motion to strike is granted. Order signed.