D. Ormonde Ritchie, J.
This was the trial of an action in which plaintiff sought a permanent injunction restraining the defendant from practicing urology within an area in the shape of a quadrangle bounded by four specified municipalities.
The plaintiff and defendant are doctors. Both specialize in that field of medical practice defined urology. Upon the trial, plaintiff’s proof, in the main a contract of employment containing a restrictive covenant barring the defendant from practicing urology for a period of five years after termination of his employment by plaintiff, was designed to establish plaintiff’s right to an injunction. In defense of the action, defendant’s proof was designed to establish that the contract of employment was superseded and rendered inoperative by an agreement of partnership entered into between plaintiff and defendant and that by reason of the latter agreement, the *539 restrictive covenant contained in the contract of employment was no longer enforcible.
At the trial the proof established that plaintiff and defendant entered into an employer-employee relationship on April 15, 1955, as evidenced by a written agreement between the parties bearing that date, plaintiff’s Exhibit 1. That early in January, 1958, an agreement was reached between the parties whereby their practice was to be continued under a new financial agreement that provided for plaintiff to receive 70% of the net profits of the practice and defendant to receive 30% thereof. That in furtherance of the agreement of the parties providing for a share of the profits, a partnership was discussed between the parties, and a partnership account opened by the parties, defendant’s Exhibit A, on January 2, 1958. That funds were deposited into that account from January 8, 1958, until April 30, 1958, defendant’s Exhibit C. That in January, 1958, partnership books were prepared by an accountant. That in the first week in January, subsequent to the opening of the partnership account, plaintiff left for a vacation in the West Indies and returned in February of 1958. That upon his return, the parties discussed reducing the partnership agreement to writing. That agreements of partnership were prepared by attorneys representing the plaintiff and defendant respectively. Neither of the agreements was signed "by the parties due to the inability to agree upon certain of the terms, the nature of which are not clearly apparent. That due to an inability to agree upon all the terms of the proposed written instruments the “deal” was declared to be “off”; and the relationship between the parties terminated. That between April and August, 1958, negotiations were had between the parties to ascertain the amount due the defendant as a result of their joint practice and a balance sheet listing the assets, liabilities and capital, and an analysis of the partners’ capital account was prepared by an accountant in furtherance of rendering a satisfactory completion of the negotiations. The balance sheet, dated April 30, 1958, was introduced in evidence as defendant’s Exhibit B. Thereafter and in August, 1958, plaintiff sent to defendant a check representing defendant’s share of the net profits of their joint practice.
A partnership is an association of two or more persons to carry on, as co-owners, a business for profit (Partnership Law, § 10). The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business (Partnership Law, § 11, subd. 4). An oral partnership agreement is valid even where a written agreement is con *540 templated, and a failure to establish that the oral agreement left open for future agreement any essential terms not implied by law weighs in favor of the existence of a partnership by oral agreement even though the agreement was intended to be reduced to writing (Green v. Le Beau, 281 App. Div. 836).
The existence of a partnership is to be determined by facts. The intention of the parties is one of the tests to be applied in determining whether a partnership exists. In turn the intention of the parties is to be determined by the acts of the parties and the character in which they have regarded their relationship (Fullam v. Peterson, 21 N. Y. S. 2d 797). Where no writing exists setting forth the agreement, resort must be had to the testimony of the parties, through conduct and documentary evidence to determine whether a partnership existed. The facts hereinabove found to have been established by the evidence leads the court to the conclusion that an oral partnership agreement was entered into and existed between the parties. That its formation and existence superseded the former relationship of employer and employee between the parties created by the agreement of April 15, 1955. That the terms and conditions of the agreement of April 15, 1955, were nullified by the creation of the partnership and the restrictive covenant in that agreement rendered unenforcible. Judgment is granted in favor of the defendant dismissing the complaint on the merits, without costs.
The foregoing constitutes the decision of the court in accordance with section 440 of the Civil Practice Act. Submit judgment.