■ WILLIAM F. JESSEN, Respondent, v. NATHAN W. MACHER, Appellant. — In an action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Queens County, dated April 20, 1960, granting plaintiff's motion for summary judgment striking out the answer and directing an assessment of damages. Order reversed, with $10 costs and disbursements, and motion denied. The record presents issue of fact which should be resolved after trial. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ OSCAR KAPP, Appellant, v. AARON GILMAN, Respondent.— In an action to recover damages for injuries to person and property, arising out of the collision of two motor vehicles at a street intersection, plaintiff appeals from an order of the Supreme Court, Kings County, dated January 18, 1960, denying his motion for summary judgment, pursuant to rule 113 of the Rules of Civil Practice. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ MORRIS R. KEEN, Appellant, v. N. MITCHELL JASON, Respondent.— In an action to restrain defendant from the practice of urology in alleged competition with plaintiff within a certain area of Suffolk County, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered May 20, 1959, dismissing his complaint after a nonjury trial. The trier of the fact found that the written employment agreement, containing the restrictive clause invoked by plaintiff, was made by the parties herein, who are physicians, but that such agreement had been abrogated and superseded by a subsequent oral agreement of partnership which was effectuated by certain acts and which was established by documents reflecting partnership transactions. Judgment affirmed, with costs. No opinion. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur. [19 Misc 2d 538.]

■ WILLIAM KLINE, an Infant, by His Guardian ad Litem, ANNA S. KLINE, et al., Respondents, v. JAMES WHITE, SR., et al., Appellants.— In an action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Suffolk County, dated March 16, 1960, granting plaintiffs' motion for summary judgment striking out the answer and directing an assessment of damages. Order reversed, with $10 costs and disbursements, and motion denied. In our opinion, the record presents issues of fact which should be resolved after trial. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.

■ GORDON MAUNSELL et al., Respondents, v. FERRIS BROWN et al., Appellants.— In an action to establish a boundary between adjoining parcels of land, the defendants appeal from a judgment of the County Court, Rockland County, rendered February 29, 1960, in favor of plaintiffs, after a nonjury trial, adjudging that they are the owners of a gore between the respective lands of the parties. Judgment affirmed on the facts, with costs. No opinion. The following new findings of fact are made: that the northerly boundary of the parcel conveyed to Clifton Stiles constitutes the basis of the measurements in the conveyance to Ella Limper, and that the southerly line of Huschle's premises is marked by the stone wall which is delineated on the drawing of witness Yuda as the northerly boundary of parcel No. 1. Ughetta, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.