■ ATTILIO DI CHIARA, Respondent, v. JOSEPH CALVO et al., Appellants.— Appeal by defendants from a judgment of the Supreme Court, Queens County, dated June 5, 1968, which adjudged that plaintiff is entitled to one third of the total shares of stock of the corporate defendant and directed the issuance of such stock to plaintiff. Judgment affirmed, with costs. In our opinion, the record amply supports the finding of the learned trial court that plaintiff and the individual defendant entered into an oral partnership agreement for the operation of a restaurant, with the intention of establishing a corporation thereafter in which plaintiff would be entitled to one third of the corporate stock. The relief afforded was properly shaped in accordance with the equities of the case (cf. *Weil* v. *Atlantic Beach Holding Corp.*, 1 N Y 2d 20, 29). Christ, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.

■ FRIEDA DUBOYS, Respondent, v. SIDNEY DUBOYS, Appellant.— In an action for separation, the defendant husband appeals from an order of the Supreme Court, Nassau County, dated August 9, 1968 which granted the plaintiff wife's motion, *inter alia,* for temporary alimony and for a counsel fee. Order reversed, on the law and the facts, without costs, and motion denied, without prejudice to renewal should defendant, pending trial, cease to support and maintain plaintiff and their children as heretofore. Since it appears that defendant has continued to support and maintain plaintiff and their children in the same style and manner as he did before this action was instituted and that plaintiff has ample means of her own, there is no basis for a *pendente lite* award of alimony and counsel fees, for such allowances are based on a showing of necessity (*Swinson* v. *Swinson*, 29 A D 2d 693; *Friedman* v. *Friedman*, 5 A D 2d 864; cf. *Glazer* v. *Glazer*, 12 A D 2d 936). Nor, in our opinion, does the record warrant exclusion of defendant from his own home (cf. *Epstein* v. *Epstein*, 29 A D 2d 545). The parties' 20-year-old son boards at college and their daughter is a high school senior. In the circumstances, and in view of the foregoing, we deem an award of custody to be inappropriate (see, also, *Le Henaff* v. *Le Henaff*, 20 A D 2d 569). The action should proceed to trial promptly. If warranted by the proof, the trial court may make an appropriate allowance *nunc pro tunc* as of the return day of the motion presently under review (*Light* v. *Light*, 29 A D 2d 540). The decision on this appeal is without prejudice to any such determination. Christ, Acting P. J., Brennan, Rabin, Hopkins and Kleinfeld, JJ., concur.