Burke, J.
In this action by three of the limited partners of a partnership to recover a fee charged by the general partners for the sale of partnership property and which resulted in partial summary judgment’s being granted to the limited partners, we are in agreement with the dissent in the Appellate Division which stated that summary judgment was inappropriate in that triable issues of fact are raised as to whether the “ services ” in question fall outside the ambit of the partnership /agreement and, if compensable, whether the failure to obtain prior approval for this charge precludes the obtaining of the fee charged or the reasonable value of the services rendered.
The partnership was formed December 1, 1962 under New Jersey laws under the name Madison Discount Co. to hold title to a shopping, center in Madison, New Jersey. The property had originallv been purchased by the defendants and title trans *307 ferred to the partnership at its formation. The shopping center was occupied and operated by a sole lessee under a 25-year net lease in the amount of $102,500 annually ending December 31, 1987. In the early part of 1965, the net lessee defaulted and the partnership confronted with the prospect of operating the center itself, decided to sell it. The property was sold for a price of $1,085,000 yielding a profit to the partners.
The defendants, for services rendered in negotiating the sale of the property, took a fee of $10,000 without obtaining the prior authorization of the limited partners. The defendants first disclosed the fee in the closing statement dated July 30, 1965. After the plaintiffs objected to the fee, defendants in a letter dated October 1, 1965 amplified the reasons for the fee.
Plaintiffs’ motion for partial summary judgment addressed to plaintiffs’ second cause of action was granted by Special Term which stated in part ‘ ‘ In the absence of any provision in the partnership agreement for allowance of fee for the type of work allegedly performed and in view of the specific limitation thereon contained in the agreement, it must be concluded that the taking of the fee was improper and illegal.” The majority in the Appellate Division affirmed.
Annexed to defendants ’ affidavit in opposition to the motion for summary judgment was a copy of the partnership agreement, paragraph Fourth of which stated: "Fourth : The business of the partnership shall be conducted and managed by the general partners in accordance with the provisions of the Partnership Law of the State of New Jersey relating to limited partnerships and the general partners shall have full power to sell and convey the real property owned by the partnership on such terms as they may determine, to lease said property on such terms and for such period as they may determine, to mortgage the said property whether by first or second mortgage and to make any agreements modifying any such lease or mortgage.
“ It is hereby agreed that John Guidera and Leo Goodman, of 151 North Dean Street, Englewood, New Jersey, shall prepare all statements, collect the rents, make all disbursements, see that the premises are properly maintained and do all other acts to properly manage the premises in question. For such services the said John Guidera and Leo Goodman shall receive, as an *308 additional annual draw, the sum of Twelve Hundred ($1200.00) Dollars as and for a management fee herein. The said John Guidera and Leo Goodman are hereby authorized to hire an accountant or accounting firm to do the necessary accounting work and to pay a fair and reasonable fee for same, including the preparation of the audit and annual report for the parties hereto. They may hire legal counsel and engage such other services as may be reasonable and necessary. The said John Guidera and Leo Goodman shall be reimbursed for their actual cash disbursements, but their office costs shall not be charged as a cost. There shall be no compensation to the said John Guidera and Leo Goodman other than set forth in this paragraph.”
The issue confronting us is whether there are material issues of fact which exist (Stone v. Goodman, 8 N Y 2d 8, 12) or are fairly debateable (Falk v. Goodman, 7 N Y 2d 87, 91; Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 404) so as to preclude the granting of summary judgment. In our view there are triable issues of fact raised.
The motion for summary judgment was granted because of the limitation contained in the last sentence that “ There shall be no compensation * * * other than set forth in this paragraph. ’ ’ However, this prohibition must be read in the context of the entire paragraph. Defendants Guidera and Goodman, who had been engaged in the real estate and construction business for over 20 years, were to be paid $1,200 annually, i.e. $600 each ‘ ‘ for a management fee ’ ’ for essentially ministerial work involving preparation of statements, making disbursements, collecting the rent, and hiring an accountant to prepare an annual report. The modest fee was apparently set at the amount of $1,200 because the duties contemplated under the agreement were minimal since there was only one lessee under a net lease, and the latter had the responsibility of operating the premises. But the net lessee unexpectedly defaulted less than three years after the running of the 25-year lease. When confronted with the prospect of having to run the entire shopping center, the partners decided to sell the property. It is arguable, therefore, whether the compensation of $1,200 annually to the general partners was intended to cover *309 difficult negotiations involving the sale of the property as well. Defendants’ letter to the investors dated October 1, 1965 stated that the negotiations spanned “five and one half” months and involved two separate deals prior to selection of the best offer. The limitation in the agreement regarding compensation for management services raises a triable issue as to whether the negotiation services performed by the defendants are beyond the bounds of the agreement and hence compensable.
No citation is needed to establish that the principle that the partner is not entitled to compensation for services rendered by him on behalf of the firm is relevant only to partnerships where each partner has an equal interest, is equally liable and equally responsible for the conduct of the partnership business. This principle, of course, does not apply here where the interests, liabilities and responsibilities of the general partners and the special partners were not equal. It is obviously for that reason that the agreement provided that the compensation agreed on was limited to services rendered in connection with only the management of the premises. Whether then the defendants are entitled to compensation for other services presents an issue of fact. Another issue is whether the defendants waived the claim by failing to make a timely demand.
Accordingly, the order of the Appellate Division should be reversed and the motion for summary judgment should be denied.