**In re: HYDRO INVESTORS,
INC. Debtor.**

**Hydro Investors, Inc., Plaintiff–
Appellant,**

v.

**Marina Development, Inc., Franklin Industrial Complex, Inc., Trafalgar Power, Inc., Algonquin Power Corporation, Inc., Christine Falls of New York, Inc., and Pine Run of Virginia, Inc., Defendants–Appellees.**

**Nos. 07–4692–bk(L), 08–0861–bk(con).**

United States Court of Appeals,
Second Circuit.

April 23, 2009.

(2) claimant had to be partner in partnership to obtain relief under New York law under provision that provided for

Robert L. Riley, Morgan Law Firm, Syracuse, N.Y., for Appellant.

David Capriotti, Harris Beach PLLC, Syracuse, N.Y., for Appellees.

PRESENT: Hon. WILFRED FEINBERG, Hon. JON O. NEWMAN and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

These appeals seek review of (a) the District Court's September 25, 2007, judgment affirming the August 16, 2005, decision of the Bankruptcy Court, which granted the Debtors' motion to disallow the first three of Hydro's claims and (b) the January 22, 2008, judgment of the District Court affirming the October 24, 2005, decision of the Bankruptcy Court, which denied Hydro's motion to lift the automatic stay. We assume the parties' familiarity with the facts and procedures of this litigation, as well as with our prior decision, *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8 (2d Cir.2000).

1. *Application of the stay to Hydro.* Although there is a superficial plausibility to Hydro's claim that it is caught in a Catch–22 situation because it has been both barred from state court by the automatic stay and also barred from asserting a claim in the Bankruptcy Court, that plausibility disappears upon examination. Both the Bankruptcy Court and the District Court have ruled that the power plants involved are the property of the bankruptcy estate. That determination is not clearly erroneous. Trafalgar is the record holder of title. Although Hydro contends that Trafalgar holds the property in trust for the joint ventures, the Bankruptcy and District Courts properly extended the automatic stay to Hydro's state court action, because, even though Hydro claims to be trying to sue the joint ventures, it wants to get at the power plants to satisfy its claims. Even if Hydro is trying to impose a constructive trust upon the properties, that step would significant-

ly affect property within the authority of the Bankruptcy Court, and the automatic stay cannot be disregarded for such a step. As counsel for Hydro stated at the hearing on March 31, 2005, "Yes, Your Honor, we're actually trying to recover assets that properly belong to this estate that Mr. Steckler has stolen."

2. *Rejection of proofs of claim.* Whether or not Hydro is a creditor of the Debtors, the proofs of claim were properly rejected on their merits. Hydro filed four proofs of claim: (1) a claim for $5 million against Marina for misappropriation, which allegedly occurred on January 1, 1988; (2) a claim for $3 million against Franklin for misappropriation, which allegedly occurred "circa 01–01–88/1995"; (3) a claim for $7.3 million against Trafalgar based on a "non-subordinated joint-venture" and allegedly secured by real estate; and (4) a claim for $3.2 million against Christine Falls based on a "non-subordinated joint-venture" also allegedly secured by real estate.

*Claims 1 and 2.* The Bankruptcy Court correctly concluded that Hydro's claims against Marina and Franklin for misappropriation of joint venture assets were time-barred under the three-year statute of limitations for misappropriation and conversion claims in New York because the proofs of claim dated the misappropriations as occurring no later than 1995, and the proofs were filed in 2002. The Court further determined that the statute could not be tolled due to fraudulent concealment of the claims because Hydro failed to allege any fraud on the part of the Debtors that resulted in Hydro's inability to discover the alleged misappropriations. In its motion for reconsideration in the Bankruptcy Court, Hydro argued for the first time that the three-year statute of limitations did not apply because its claims against Franklin and Marina

were not conversion claims at law, but rather claims for an accounting for violation of fiduciary duties arising out of a joint venture agreement, which Hydro analogizes to a partnership agreement. Although New York Partnership Law, § 74, provides that a claim for an accounting between partners does not accrue until dissolution of the partnership, *see Missan v. Schoenfeld,* 95 A.D.2d 198, 209, 465 N.Y.S.2d 706, 712 (App.Div.1983), this principle does not aid Hydro because, as the Appellees point out, neither Marina nor Franklin were ever partners of Hydro.

Moreover, the "accounting" claims against Marina and Franklin also encounter the obstacles that Hydro never amended its proofs of claim to allege that each claim was for an accounting, rather than for misappropriation, and the "accounting" claims were asserted for the first time only on a motion for reconsideration.

*Claim 3.* Hydro made a claim against Trafalgar for $7.3 million based on a "non-subordinated joint-venture" and allegedly secured by real estate. The Bankruptcy and District Courts rejected this claim on various grounds. It is sufficient to rule that the Bankruptcy Court did not clearly err in finding that "Hydro has no right to payment from [Trafalgar] based on the [August 1, 1985] Agreement." From the Bankruptcy Court's opinion, it appears that this "finding" was significantly influenced by the statements in our Court's 2000 opinion and the D.C. Circuit's 2003 opinion. The Bankruptcy Court's opinion states:

> [T]he District Court, the Second Circuit Court and the D.C. Circuit Court all concluded that the conditions precedent, including meeting the expected energy output at the six project locations, had not been met which would have entitled [Hydro] to share in any net profits. Indeed, as noted above, the D.C. Circuit

Court found that [Hydro's] joint venture interest appeared to be "worthless." *See* D.C. Circuit Court Decision [*Hydro Investors, Inc. v. F.E.R.C.*, 351 F.3d 1192] at 1196 [(D.C.Cir.2003)]. The D.C. Circuit Court pointed out that the District Court had found that the six projects had not generated sufficient profits to allow TPI to recover its capital investment in them and that "the projects never did meet, nor could have met, the required energy projections." *Id.* The D.C. Circuit Court determined that this latter "independent condition precedent would prevent Hydro from receiving profit distributions...." *Id.* These findings lead this Court to conclude that Hydro has no right to payment from [Trafalgar] based on the Agreement and that [Hydro's] Third Claim against [Trafalgar] in the amount of $7.3 million must be disallowed.

In our 2000 opinion, we had said:

Implicit in the district court's action [referring to the 1999 decision] was its recognition that once the claims for breach of the joint venture contract failed before the jury, the accounting and constructive trust claims were pointless.... After the jury's verdict it was clear to all concerned that the accounting and constructive trust claims could not lie.

*Hydro Investors, Inc.*, 227 F.3d at 19.

 Whether the prior statements of the D.C. Circuit and our Court should be given preclusive effect as collateral estoppel or are merely law of the case, if Hydro wanted those statements corrected, it should have sought that relief via a petition for rehearing.

On appeal to the District Court, Judge Hurd said, "There was no error in concluding, as three courts previously had done, that there were conditions precedent to [Hydro's] entitlement to a share of profits pursuant to the joint venture agreement." This rejection of Hydro's claim against Trafalgar, purportedly based on the joint ventures, was not clearly erroneous.

*Claim 4.* The Bankruptcy Court adjourned indefinitely the Debtors' motion to disallow Hydro's fourth claim against Christine Falls pending a determination of the action in state court. The parties do not question that ruling on this appeal.

The judgments of the District Court are affirmed.